UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EVERSON J. SIMMONDS,
    Petitioner

vs.

    CIVIL NO. 1:CV-12-1898

SUPERINTENDENT TREVOR WINGARD, *et al.*,
    Respondents

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

    The pro se petitioner, Everson J. Simmonds, an inmate at the state correctional institution at Laurel Highlands, Somerset, Pennsylvania, has filed a petition under 28 U.S.C. § 2254. The petition challenges the sentence imposed on him after his October 1998 conviction in the Court of Common Pleas of Dauphin County, Pennsylvania. Respondents argue the petition is time-barred under the one-year statute of limitations for filing 2254 petitions. We agree with Respondents and will deny the petition as being untimely.

II. *Background*

    We provide a relatively complete procedural background but note that the significant procedural history begins on December 16, 2008, when the trial court restored Petitioner's direct appeal rights. By order of that date, the court granted Petitioner thirty days to file a nunc pro tunc appeal to the Pennsylvania Supreme Court from the

November 12, 2003, order of the Pennsylvania Superior Court denying Petitioner's direct appeal.

On October 15, 1998, Petitioner was convicted of possession with intent to deliver a controlled substance, theft by receiving stolen property, former convict not to own or possess a firearm, and unlawful possession of drug paraphernalia. (Doc. 1, 2254 petition, ECF p. 1). On December 10, 1998, he was sentenced to an aggregate sentence of twelve years and three months to thirty-three years. (*Id.*). On June 1, 2000, the superior court affirmed the convictions and sentence on Petitioner's pro se direct appeal. (*Simmonds v. Rozum*, No. 08-CV-1587 (M.D. Pa.), Doc. 11-5, ECF p. 66, *Commonwealth v. Simmonds*, No. 808 MDA 1999 (Pa. Super. Ct.).[1] Petitioner did not seek further review in the state supreme court.

On August 28, 2000, Petitioner filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. Con. Stat. Ann. § 9541-9546. On September 19, 2002, the superior court reversed the trial court's denial of relief and remanded to the trial court for the appointment of counsel for the filing of a counseled direct appeal. (*Simmonds v. Rozum*, No. 08-CV-1587 (M.D. Pa.), Doc. 11-6, ECF p. 94, *Commonwealth v. Simmonds*, No. 614 MDA 2001 (Pa. Super. Ct.). On November 12, 2003, the superior court affirmed the conviction and sentence on the counseled direct appeal. (*Simmonds v. Rozum*, No. 08-CV-1587 (M.D. Pa.), Doc. 11-7, ECF p. 12, *Commonwealth v.*

---

[1] Petitioner had filed a previous 2254 petition, docketed at No. 08-CV-1587. We cite to relevant portions of the record in that case. On November 20, 2009, we dismissed that petition for failure to exhaust state-court remedies.

*Simmonds*, No. 1897 MDA 2002 (Pa. Super. Ct.). Petitioner did not seek further relief in the state supreme court.

On September 2, 2004, Petitioner filed a second PCRA petition. On December 14, 2005, he also filed a pro se motion to correct an illegal sentence. (*Commonwealth v. Simmonds*, CP-22-CR-1038-1998 (Common Pleas Ct. - Dauphin Cnty., pp. 5 and 6). On February 7, 2006, the trial court denied the latter motion. (*Id.,* p. 6). On December 19, 2006, the superior court reversed, ruling that the illegal-sentence motion should have been treated as an amendment to the still-pending PCRA petition. (*Simmonds v. Rozum*, No. 08-CV-1587 (M.D. Pa.), Doc. 11-8, ECF p. 33, *Commonwealth v. Simmonds*, No. 352 MDA 2006 (Pa. Super. Ct.).

On remand, new counsel was appointed to represent Petitioner on his PCRA petition, and on May 24, 2007, a supplemental PCRA petition was filed. (*Commonwealth v. Simmonds*, CP-22-CR-1038-1998 (Common Pleas Ct. - Dauphin Cnty., p. 8). On December 16, 2008, the trial court, upon consideration of the supplemental petition, restored Petitioner's right to file a petition for allowance of appeal with the Pennsylvania Supreme Court (1) from the judgment of sentence and (2) from the November 12, 2003, ruling of the superior court on Petitioner's counseled direct appeal.[2] Petitioner was granted thirty days to do so. (*Simmonds v. Rozum*, No. 08-CV-1587 (M.D. Pa.), Doc. 12, ECF p. 4). On January 6, 2009, in conjunction with appointment of

---

[2] Later, on July 29, 2009, the trial court would deny the PCRA petition. (*Commonwealth v. Simmonds*, CP-22-CR-1038-1998 (Common Pleas Ct. - Dauphin Cnty., p. 10.

3

counsel for the purpose of filing the petition for allowance of appeal, Petitioner was granted a thirty-day extension of time to file the petition. (*Commonwealth v. Simmonds*, CP-22-CR-1038-1998 (Common Pleas Ct. - Dauphin Cnty., p. 8). Petitioner did not file the petition.

On January 20, 2009, Petitioner appealed the December 16, 2008, ruling. On November 23, 2009, the superior court dismissed the appeal. *Commonwealth v. Simmonds*, No. 333 MDA 2009 (Pa. Super. Ct.).

On January 14, 2010, Petitioner filed a motion to correct an illegal sentence. (*Commonwealth v. Simmonds*, CP-22-CR-1038-1998 (Common Pleas Ct. - Dauphin Cnty., p. 11). The trial court treated this motion as a third PCRA petition. (We glean this from the filing of a "PCRA Order" on February 12, 2010, appointing counsel for Petitioner and granting sixty days to file a supplemental petition.) (*Id.*). On April 8, 2010, that supplemental petition was filed. (*Id.*). On May 18, 2010, the trial court denied the petition. (*Id.*, p. 12). On April 25, 2011, the superior affirmed the trial court's decision. *Commonwealth v. Simmonds*, 905 MDA 2010 (Pa. Super. Ct.). On September 14, 2011, the Pennsylvania Supreme Court denied a petition for allowance of appeal.

On September 12, 2012, in accord with the prison mailbox rule, Petitioner filed the instant petition under 28 U.S.C. § 2254. The petition was docketed on September 24, 2012.

4

III. *Discussion*

    A. *Applicable Law*

There is a one-year statute of limitations on filing a 2254 petition. *See* 28 U.S.C. § 2244(d)(1). In pertinent part, the statute begins to run from the date the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Wall v. Kholi*, ___ U.S. ___, ___, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005). This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).[3] When state-court collateral proceedings result in the restoration of direct-appeal rights, the conviction does not become final, and the limitations period does not begin to run, until "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Jimenez v. Quarterman*, 555 U.S. 113, 121, 129 S.Ct. 681, 686-87, 172 L.Ed.2d 475 (2009).

    The limitations period is subject to statutory tolling. Statutory tolling occurs during the time "a properly filed application for State post conviction or other collateral

---

[3] If a petitioner pursues "direct review all the way to [the United States Supreme Court], the judgment becomes final . . . when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012).

5

review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *Swartz, supra,* 204 F.3d at 419. A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace, supra,* 544 U.S. at 417, 125 S.Ct. at 1814 (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)").

Statutory tolling applies to those periods when an application for discretionary review is pending in a state appellate court from the denial of postconviction relief, *see Kindler v. Horn*, 542 F.3d 70, 77 n.5 (3d Cir. 2008)(noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds*, *Beard v. Kindler,* 558 U.S. 53, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). However, it does not apply to the time the petitioner has for seeking certiorari review from the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 329, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007)(a state application for postconviction relief is not pending under section 2244(d)(2) "when the state courts have entered a final judgment in the matter but a petition for certiorari has been filed" in the Supreme Court).

The limitations period may also be subject to equitable tolling. Equitable tolling applies when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing."

6

*Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 89 (3d Cir. 2013).

  B. *Calculation of Petitioner's Limitations Period*

  Respondents argue that the 2254 petition is untimely.[4] They reason as follows. The limitations period began to run on January 15, 2009, the expiration of the thirty-day period the trial court granted Petitioner to file a nunc pro tunc petition for allowance of appeal with the state supreme court from the superior court's denial of his counseled direct appeal. Petitioner therefore had until January 15, 2010, to file a 2254 petition. When Petitioner filed his motion on January 14, 2010, to correct an illegal sentence (treated as a PCRA petition), there was only one day left in the limitations period. The PCRA petition was untimely under state law (and thus supposedly did not toll the limitations period),[5] but in any event, after September 14, 2011, when the state supreme court denied allowance of appeal on the PCRA petition, Petitioner did not file his 2254 petition until September 24, 2012, making the petition untimely by about two years.

---

  [4] They also argue we lack jurisdiction over the petition because it is the second one Petitioner filed. See 28 U.S.C. § 2244(b)(1). They are mistaken. As noted, we dismissed Petitioner's first 2254 petition because Petitioner had failed to exhaust state-court remedies. A 2254 petition filed after a previous one has been dismissed on exhaustion grounds is not a second or successive petition. *Benchoff v. Colleran*, 404 F.3d 812, 820 (3d Cir. 2005).

  [5] Generally, a PCRA petition must be filed within one year of the conviction's becoming final. 42 Pa. Con. Stat. Ann. § 9545(b)(1). In relevant part, a conviction becomes final "at the expiration of [the] time for seeking [direct] review." 42 Pa. C.S. § 9545(b)(3). The one-year period is considered jurisdictional and cannot be extended by the court. *Commonwealth v. Bennett*, 593 Pa. 382, 388, 930 A.2d 1264, 1267 (2007).

We think Respondents are correct that the 2254 petition is untimely, but we reach that conclusion by a different analysis. We start, as they did, with the trial court's restoration of Petitioner's direct-appeal rights. The order restoring those rights, the order of December 16, 2008, gave Petitioner thirty days to file his petition for allowance of appeal with the state supreme court. That period expired on January 15, 2009, the date Respondents chose as the date the limitations period began to run. However, Respondents' choice overlooks the order of January 6, 2009, which granted Petitioner a thirty-day extension of time to file the petition. Thus the limitations period began on February 5, 2009, after Petitioner failed to file the petition, and Petitioner had until February 5, 2010, to file his 2254 petition.

We will assume, unlike Respondents, that the filing on January 14, 2010, of the motion to correct an illegal sentence (treated as a PCRA petition), tolled the running of the statute.[6] The limitations period thus ran for 343 days, leaving twenty-two days to file a 2254 petition once the limitations period began running again. The limitations period began running again on September 14, 2011, the date the state supreme court denied the petition for allowance of appeal. At that point, with twenty-two days left, Petitioner had until October 6, 2011, to file his 2254 petition. However, Petitioner did not

---

[6] Respondents might be correct that the PCRA petition was untimely, but they have provided us with no court orders or opinions that would support that assertion.

do so until September 12, 2012, about eleven months later.[7]  The petition is thus untimely.

Petitioner concedes that the petition is untimely under a statutory calculation of the limitations period but argues that the petition is nonetheless timely because he is entitled to equitable tolling of the limitations period.  In support, he contends he wrote a letter to the court on January 23, 2012, inquiring about whether he had to seek permission from the court of appeals before filing a second 2254 petition.  He also argues that, when he received no reply from the court, he contacted one of his appointed PCRA counsel in February 2012, but she replied that, as she stated in her letter of September 20, 2011, she has no experience in federal court.  (Doc. 10, ECF p. 2).  These efforts cannot establish equitable tolling because they occurred after the limitations period expired.

IV.  *Conclusion*

We will issue an order denying the section 2254 petition.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long

---

[7] Under the prison mailbox rule, we use the date Petitioner placed the petition with prison authorities for mailing as the filing date, not September 24, 2012, the date the petition was docketed.  We do so even though Petitioner may not have technically complied with all the requirement of the rule.  *See Jenkins*, *supra*, 705 F.3d at 84 n.2.  In any event, the choice of a filing date does not affect the analysis.

as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge

August 27, 2013

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EVERSON J. SIMMONDS,
    Petitioner

vs.

SUPERINTENDENT TREVOR WINGARD, *et al.*,
    Respondents

CIVIL NO. 1:CV-12-1898

(Judge Caldwell)

*O R D E R*

AND NOW, this 27th day of August, 2013, it is ordered that:

  1. The petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

  2. A certificate of appealability is denied.

  3. The Clerk of Court shall close this file.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge